**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VICTOR W.,

        **Plaintiff,**

                                        **Case No. 1:20-cv-5852**
   v.                           **Magistrate Judge Norah McCann King**

KILOLO KIJAKAZI,[1]
**Acting Commissioner of Social Security,**

        **Defendant.**

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act,

as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Victor W. for Disability

Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and for

Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et*

*seq.* After careful consideration of the entire record, including the entire administrative record,

the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and

Local Civil Rule 9.1(f). For the reasons that follow, the Court affirms the Acting

Commissioner's decision.[2]

**I.      PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION**

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

[2] Because the Court concludes that this matter may be resolved on the parties' filings, Plaintiff's request for oral argument, *Plaintiff's Reply Brief*, ECF No. 12, p. 5, is denied.

Plaintiff—acting without the assistance of counsel—filed an application for Disability

Insurance Benefits ("DIB"), alleging that he has been disabled since January 1, 2010. R. 223–27.

Plaintiff's DIB application was denied initially and upon reconsideration. R. 150–54 (initial

denial dated August 28, 2017), 158–60 (denial on reconsideration dated November 1, 2017). On

October 25, 2017, Plaintiff was appointed counsel. R. 155. On November 24, 2017, Plaintiff

sought a *de novo* hearing before an administrative law judge. R. 144–45. In a Notice of Hearing

dated January 29, 2019, the ALJ advised Plaintiff that a hearing was scheduled for March 8,

2019. R. 179–207. The ALJ further identified the issues that she would consider at the hearing,

*i.e.*, Plaintiff's DIB application. R. 181 ("The hearing concerns your application of April 10,

2017,[3] for a Period of Disability and Disability Insurance Benefits under sections 216(i) and

223(a) of the Social Security Act (the Act). I will consider whether you are disabled under

sections 216(i) and 223(a) of the Act."). The ALJ also specifically advised Plaintiff that he had

the right to object to the issues that the ALJ intended to address at the hearing by notifying the

ALJ in writing no later than five business days prior to the hearing. R. 182 ("If you object to the

issues or remarks listed above, you must tell me in writing why you object. You must tell me as

soon as possible before the hearing, but not later than 5 business days before the date of the

hearing. You must state the reason(s) for your objection.").

Administrative Law Judge Nancy Lisewski ("ALJ") held a hearing on March 8, 2019, at

which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 102–24.

In a decision dated April 15, 2019, the ALJ concluded that, despite Plaintiff's severe impairment

of degenerative disc disease, Plaintiff had the residual functional capacity to perform his past

---

[3] Evidence in the record reflects an application date of both April 10, 2017, R. 125, 132–34, and
May 8, 2017, R. 223–27.

relevant work as a construction worker I. R. 18–25. Accordingly, the ALJ concluded that

Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act at any time

from January 1, 2010, Plaintiff's alleged disability onset date, through December 31, 2013, the

date upon which Plaintiff was last insured for DIB. R. 25.

The parties agree that a SSI application was also filed on the same date on which his DIB

application was filed and when he was proceeding without the assistance of counsel.[4] In a notice

dated May 15, 2017, R. 141–48, Plaintiff was advised that his "application for Supplemental

Security Income (SSI) disability benefits filed on May 8, 2017, is denied because your resources

are worth more than $2,000.00 for May 2017 on." R. 141. The notice also explained that Plaintiff

may be able to receive SSI while he tries to dispose of resources. R. 142. The notice went on to

advise that Plaintiff had the right to appeal that adverse initial decision, explaining, *inter alia*, as

follows:

**If You Disagree**

If you disagree with this decision, you have the right to appeal. A person who did
not make the first decision will decide the appeal. We call this appeal a
reconsideration. When you appeal, we review your entire case, even the parts with
which you agree. We consider any new facts we have and then make a new
decision. The new decision could be more favorable, less favorable, or the same as
the one you already have.

**Time To File An Appeal**

- You have 60 days to file an appeal in writing.

---

[4] Although the record does not contain a separate SSI application, Plaintiff's DIB application,
which was filed while he was proceeding without the assistance of counsel, indicates that he filed
or intended to file a SSI application. R. 223; *see also* 20 C.F.R. § 416.350(b) (providing that the
SSA "will treat . . . [an applicant's] application for Title II benefits as an oral inquiry about SSI,
and the date of the Title II application form may be used to establish the SSI application date if
the requirements of § 416.345 (d) and (e) are met").

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on the letter.

- You must have a good reason for waiting more than 60 days to file an appeal.

**How To Appeal**

You can file an appeal with any Social Security office. You must request the appeal in writing. Please use our "Request for Reconsideration" form, SSA-561-U2, which is available on our website at www.socialsecurity.gov on the Internet. You can also contact us by phone, by mail, or come into the office to obtain the form. If you need assistance, we can help you fill out the form.

R. 143.

On June 22, 2017, Plaintiff "[c]alled [the Agency] field office to change [his] address[.]"

R. 149. As previously noted, Plaintiff was appointed counsel on October 25, 2017. R. 155. On

that same day, Plaintiff, who acknowledged that he was represented by counsel, filed a "Request

for Reconsideration" for "SOCIAL SECURITY BENEFITS." R. 157. Plaintiff specifically stated

that he "disagree[s] with the determination made on my claim for disability-worker or child

benefits because I cannot work[.]" *Id*.

In a letter dated February 12, 2019, *i.e.*, more than one (1) year later, Plaintiff's counsel

advised the ALJ as follows:

While the Administration accepted the Request for Reconsideration filed on October 25, 2017 (Ex. 6B), *no appeal of the SSI claim is noted in the record*. It is respectfully submitted that the issue before Your Honor is a concurrent claim based upon the Title II claim that is filed and also the Title XVI claim that is referenced. On the subject we would also respectfully rely on 20CFR416.350(b) wherein a Title II application is deemed to be also an application for Title XVI.

R. 291 (emphasis added). At the hearing held on March 8, 2019, the ALJ stated that she

understood that "there's a somewhat remote DLI [date last insured] and there's also a question of

whether there's an SSI case and I'm going to have to check in with that with my administrative

staff." R. 106. The hearing proceeded with testimony from Plaintiff and the vocational expert. R.

106−23.

In a decision dated April 15, 2019, the ALJ issued a decision concluding that Plaintiff

was not disabled within the meaning of the Social Security Act at any time from January 1, 2010,

the alleged disability onset date, through December 31, 2013, the date on which Plaintiff was last

insured. R. 18−25. The ALJ also acknowledged that Plaintiff had in fact filed an application for

SSI benefits, but noted that the application had been denied because of excess resources, that

Plaintiff had not sought further review of that denial, and that it was not the role of the ALJ to

make decisions regarding Plaintiff's resources for purposes of SSI eligibility:

> Notably, the claimant also protectively filed a Title XVI application for
> supplemental security income disability benefits on April 10, 2017. The Title XVI
> application was not considered at the initial or reconsideration levels of review. By
> letter dated May 15, 2017, the claimant was advised that his Title XVI application
> was denied because his resources are worth more than $2000.00 (Exhibit 1B). By
> letter dated February 12, 2019, the claimant's counsel informed the undersigned
> Administrative Law Judge that: (i) the claimant had initially filed for both Title II
> and Title XVI benefits; (ii) the claimant's Title XVI claim was denied; (iii) that a
> request for reconsideration of the Title XVI claim was filed on October 25, 2017
> but that no appeal of the Title XVI claim is noted in the record (Exhibit 12E). The
> claimant's counsel asserted that the matter before the undersigned is a concurrent
> claim based on Title II and Title XVI. The undersigned does not make
> determinations regarding the monetary value of a claimant's resources for
> determining one's eligibility for benefits under Title XVI. Accordingly, the only
> matter currently before the undersigned is the claimant's Title II claim.

R. 18. The ALJ therefore did not address, either at the administrative hearing or in the

administrative decision, the merits of Plaintiff's SSI application.

The administrative decision became the final decision of the Commissioner of Social

Security when the Appeals Council declined review on April 14, 2020. R. 1−6.[5] Plaintiff timely

---

[5] In his moving brief, Plaintiff attaches evidence reflecting that he filed a new SSI application on
May 8, 2020, which was granted on June 17, 2020. Appendix, PAGEID:## 899−914, attached to
*Plaintiff's Memorandum of Law*, ECF No. 19.

filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1.[6]

## II.     STANDARD OF REVIEW

In reviewing applications for Social Security disability benefits, this Court has the

authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204

F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a

large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565

(1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less

than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc.

Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018

WL 1509091, at *4.

Following review of the entire record on appeal from a denial of benefits, the Court can

enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or

without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the

record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or

contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210,

221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a

---

[6]On October 29, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 14. The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

## III.    DISCUSSION

### A.    Plaintiff's SSI Application

Plaintiff disagrees with, *inter alia*, the ALJ's failure to consider his SSI application and argues that this failure cannot be overlooked because, in refusing to consider Plaintiff's SSI application, the ALJ also refused to consider any evidence generated after December 31, 2013, the date on which Plaintiff was last insured for purposes of DIB. According to Plaintiff, such evidence would have qualified Plaintiff for at least SSI benefits and perhaps for DIB benefits as well. *Plaintiff's Memorandum of Law*, ECF No. 19; *Plaintiff's Reply Brief*, ECF No. 21. The Commissioner responds that Plaintiff's SSI application was properly denied on the basis

7

that Plaintiff had more financial resources available to him than was permitted for SSI,[7] that

Plaintiff never timely appealed that denial, that the ALJ properly explained that it was not her

role to make a determination about Plaintiff's resources for the purpose of qualifying for SSI

benefits in the decision denying Plaintiff's application for DIB, and, that the SSI claim is

therefore not properly before this Court. *Defendant's Brief Pursuant to Local Civil Rule 9.1*,

ECF No. 20. Plaintiff, however, insists that he did appeal the May 15, 2017, denial of his SSI

application, on multiple occasions, and that he is entitled to a determination of that application

through the period of the ALJ's decision. *Plaintiff's Memorandum of Law*, ECF No. 19;

*Plaintiff's Reply Brief*, ECF No. 21.

To the extent that Plaintiff's claim in this regard might be construed as a request for

review by this Court of the denial of his SSI application, that request raises jurisdictional

concerns. Section 405(g) of Title 42 of the United States Code confers on District Courts the

jurisdiction to review Social Security benefits cases:

> Any individual, after any final decision of the Commissioner of Social Security
> made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such decision or within such
> further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Modern-day claimants must generally proceed through a four-step process

before they can obtain review from a federal court." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772

(2019). "First, the claimant must seek an initial determination as to his eligibility. Second, the

claimant must seek reconsideration of the initial determination. Third, the claimant must request

a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's

---

[7] An applicant for SSI benefits must satisfy all eligibility requirements, including income and resource limitations. 20 C.F.R. § 416.202(c), (d).

decision by the Appeals Council." *Id.* (citing 20 CFR § 416.1400). "If a claimant has proceeded

through all four steps on the merits, . . . § 405(g) entitles him to judicial review in federal district

court." *Id.*; *see also English v. Soc. Sec. Admin.*, 705 F. App'x 116, 117 (3d Cir. 2017) ("A 'final

decision' is one rendered after a claimant has completed a four-step administrative review

process consisting of an initial determination, reconsideration, a hearing before an ALJ, and

Appeals Council review.") (citing 20 C.F.R. § 416.1400(a)).

For SSI claims, initial determinations include a determination that a claimant is not

eligible for SSI benefits because, *inter alia*, the claimant's resources exceed the countable

resource limit. *See* 20 C.F.R. § 416.1402(a). This initial determination "is binding unless" the

claimant "request[s] a reconsideration within the stated time period" or the initial determination

is "revise[d]." *Id.* at § 416.1405. The Agency "*may* reopen" a decision upon its own initiative or

upon a plaintiff's request, and, if reopened, the Agency "*may* revise" its decision. *Id.* at §

416.1487(a), (b) (emphasis added); *see also Quevedo v. Berryhill*, No. CV 16-0850 JCH/KBM,

2018 WL 914778, at *5 (D.N.M. Feb. 15, 2018), *report and recommendation adopted*, No. CV

16-0850 JCH/KBM, 2018 WL 1225091 (D.N.M. Mar. 7, 2018) ("Contrary to Plaintiff's

assertion, SSA may, on its own initiative, reopen a case under both 20 C.F.R. § 416.1487 and

SSR 91-5p, but it is not required to do so. Section 416.1487 is not a command that SSA review

all closed applications."). A determination may be reopened (1) within 12 months of the date of

the notice of the initial determination, for any reason; (2) within two years of the date of the

initial determination upon a finding of good cause;[8] or (3) at any time if the decision "was

---

[8] Good cause will be found if there is "new and material evidence furnished[,]" a "clerical error
was made[,]" or "[t]he evidence that was considered in making the determination or decision
clearly shows on its face that an error was made." *Id.* at § 416.1489(a). However, good cause to
reopen a case will not be found "if the only reason for reopening is a change of legal

obtained by fraud or similar fault." *Id*. at § 416.1488; *see also Califano v. Sanders*, 430 U.S. 99,

107–08 (1977) (finding that the Act does not authorize judicial review of the Agency's discretion

in refusing to reopen a claim for social security benefits); *Dennis G. v. Acting Comm'r, Soc. Sec.*

*Admin.*, No. CV ADC-20-3148, 2021 WL 5087747, at *6 (D. Md. Nov. 2, 2021) ("However, 20

C.F.R. § 416.1488 does not require an ALJ to reopen a prior claim; instead 'the decision to

reopen is 'discretionary' and not subject to review by this Court, absent a colorable constitutional

claim.'") (quoting *Harris v. Astrue*, No. PWG-10-3288, 2012 WL 5936998, at *2 (D.Md. Nov.

26, 2012)).

　　Here, the record contains no evidence that Plaintiff timely requested reconsideration of

the initial denial of his SSI application based on excess resources or that the Agency reopened its

initial determination and revised that initial decision. It therefore appears that Plaintiff has failed

to exhaust his administrative remedies. The May 15, 2017, notice denying Plaintiff's application

for SSI benefits specifically advised him that he had 60 days to appeal the decision by requesting

an appeal in writing using the "Request for Reconsideration", SSA-561-U2. R. 143 (explaining

further that the 60 days start the day after Plaintiff receives the denial letter and that the Agency

assumes Plaintiff received the letter 5 days after the date on the letter, *i.e.*, May 20, 2017).

Plaintiff therefore had until July 20, 2017, to appeal the denial of his SSI application. *See id*.

However, as Plaintiff's counsel conceded in February 2019, "no appeal of the SSI claim is noted

in the record." R. 291. Accordingly, based on this record, Plaintiff failed to timely appeal the

denial of his SSI application and failed to exhaust his administrative remedies. *Smith*, 139 S. Ct.

at 1772; *English*, 705 F. App'x at 117.

---

interpretation or administrative ruling upon which the determination or decision was made." *Id*.
at 416.1489(b).

Plaintiff insists that he "repeatedly appealed the denial of these SSI benefits either explicitly or constructively[,]" pointing to two telephone calls and certain filings in the record. *Plaintiff's Memorandum of Law*, ECF No. 19, pp. 7–9; *Plaintiff's Reply Brief*, ECF No. 21, pp. 2–3. Plaintiff's arguments are not well taken. Plaintiff first points to a telephone call that he made to the Agency on October 24 or 25, 2017, representing that he "communicated his intent to appeal the SSI application. (R. 157). There is no indication in the Record that Plaintiff was told he had to reapply for SSI or that his SSI application was not pending." *Plaintiff's Memorandum of Law*, ECF No. 19, pp. 3–4; *see also id*. at 8 ("On October 25, 2017 Plaintiff called to speak with the Agency regarding a Request for Reconsideration when he communicated his intent to appeal the SSI application. (R. 157)."); *Plaintiff's Reply Brief*, ECF No. 21, p. 2 ("He again contacted the Agency on October 24, 2017 when the Agency accepted the contact as a Request for Reconsideration. (R. 157)."). However, the "Request for Reconsideration" to which Plaintiff cites, R. 157, does not reflect that Plaintiff "communicated his intent to appeal the SSI application" as Plaintiff represents. The one-page document simply reflects that "[o]n October 24, 2017, we talked with you and completed your REQUEST FOR RECONSIDERATION for SOCIAL SECURITY BENEFITS." *Id*. Instead of referring to SSI benefits, the request specifically states that Plaintiff disagrees with the determination on his claim "FOR DISABILITY-WORKER OR CHILD BENEFITS BECAUSE I CANNOT WORK." *Id.* (emphasis in the original). Neither counsel's representation about Plaintiff's conversation with the Agency, *Plaintiff's Memorandum of Law*, ECF No. 19, pp. 3–4, 8; *Plaintiff's Reply Brief*, ECF No. 21, p. 2, nor counsel's speculation that "there is no explanation for why []Plaintiff would appeal one program and not the other[,]" *Plaintiff's Reply*, ECF No. 21, p. 2, is evidence establishing that Plaintiff sought review of the denial of his SSI benefits during his October 24,

11

2017, telephone contact with the Agency. *See Versarge v. Twp. of Clinton N.J.*, 984 F.2d 1359, 1370 (3d Cir. 1993) ("[U]nsubstantiated arguments made in briefs or at oral argument are not evidence to be considered by this Court."); *Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 720 (3d Cir.1989) ("[S]tatements made in briefs are not evidence of the facts asserted."). Even assuming that Plaintiff's October 24, 2017, telephone conversation with the Agency included a request to appeal the denial of his SSI application, that telephone call occurred months after the 60-day deadline explained in the denial notice dated May 15, 2017. R. 141–43; 20 C.F.R. § 416.1409(a) (providing that the Agency "shall reconsider an initial determination if you or any other party to the reconsideration files a written request at one of our offices within 60 days after the date you receive notice of the initial determination (or within the extended time period if we extend the time as provided in paragraph (b) of this section)"). Notably, Plaintiff does not even allege that he had a "good reason[,]" R. 143, or "good cause[,]" 20 C.F.R. § 416.1409(b), for the failure to timely appeal in writing the SSI denial within the 60-day period.

In reply, Plaintiff apparently insists that he did, in fact, timely request to appeal the adverse SSI decision by arguing that "on June 22, 2017 he contacted the Agency by phone thereby contacting the Agency's within the approached time. (R. 149)." *Plaintiff's Reply Brief*, ECF No. 21, p. 2. Setting aside the fact that this Court need not address arguments raised for the first time in a reply brief, *see United States v. Kolodesh*, 787 F.3d 224, 230 n.3 (3d Cir. 2015) ("In support of the arguments raised in his opening brief, Kolodesh raises several new contentions in his reply brief. Those are waived and we do not address them further."); *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."), Plaintiff's assertion is unavailing. The document upon which Plaintiff relies simply reflects that

Plaintiff "called the field office to change address[.]" R. 149. While counsel represents that "they

[the Agency] did not inquire as to whether or not he [Plaintiff] wished to appeal his SSI denial"

during this telephone call and speculates that "there is no explanation for why a denied applicant

would call the Agency only to update an address and not enter an appeal" and that "there is no

explanation for why would Plaintiff [] appeal one program and not another[,]" *Plaintiff's Reply*

*Brief*, ECF NO. 21, p. 2, these representations and speculations simply do not qualify as evidence

establishing that Plaintiff timely exhausted his administrative remedies. *See Versarge*, 984 F.2d

at 1370; *Bell*, 884 F.2d at 720.

To the extent that Plaintiff insists that documentary evidence in the record supports his

counsel's representations about the content of the telephone calls on June 22, 2017, and October

24, 2017, or otherwise establishes that Plaintiff "constructively" appealed his SSI denial, those

arguments are not well taken. Plaintiff argues that he "retained Council [sic] under both Title II

and Title XVI[,]" *Plaintiff's Memorandum of Law*, ECF No. 19, p. 8 (citing R. 155), but the

document to which he refers is dated October 25, 2017, *i.e.*, well after the 60-day deadline for

appealing the adverse SSI decision of May 15, 2017, R. 141–48. Moreover, Plaintiff has not

explained, nor does he point to any supporting authority, how an "Appointment of

Representative" form serves as a sufficient substitute for the "Request for Reconsideration" form

specifically identified in the SSI denial sent to Plaintiff as the vehicle for appealing the adverse

decision. R. 143.

Similarly unavailing is Plaintiff's reliance on the "Waiver of Timely Written Notice of

Hearing," which he completed on January 31, 2019. *Plaintiff's Memorandum of Law*, ECF No.

19, p. 8 (citing R. 210). Plaintiff contends that "[t]hat notice references both 20 CFR 404.938 and

20 CFR 416.1438 advance notice requirements[,]" which "again served as an indication that the

SSI application would be considered." *Id.* However, as set forth earlier in this decision, the plain language in that notice refers to the regulatory sections in the alternative, as applicable, rather than serving as confirmation that the Agency would again consider Plaintiff's previously-denied SSI claim. *See* R. 210 ("Under 20 CFR 404.938 *and/or* 20 CFR 416.1438, *where applicable*, I am entitled to receive a 75 day advance written notice of the hearing in my case.") (emphasis added). In any event, as previously discussed, the Notice of Hearing dated January 29, 2019, specifically identified those issues that the ALJ would consider at the March 8, 2019, hearing, *i.e.*, Plaintiff's DIB application. R. 181.

Plaintiff goes on to contend that "a new Form SSA-1696" dated February 8, 2019, "again confirm[ed] that Plaintiff was pursuing Title II and Title XVI applications at the hearing level[,]" that Plaintiff's counsel "raised the SSI application issue directly to the Commissioner via prehearing correspondence dated February 12, 2019[,]" and that he "also raised this crucial topic at the hearing" on March 8, 2019. *Plaintiff's Memorandum of Law*, ECF No. 19, pp. 4, 8 (citing R. 107, 219, 291). For the reasons previously discussed, however, these attempts to belatedly appeal the May 15, 2017, initial adverse SSI decision were untimely.

Finally, Plaintiff does not argue, nor does any evidence in the record reflect, that he requested that the initial SSI decision be reopened. *See generally Plaintiff's Memorandum of Law*, ECF No. 19; *Plaintiff's Reply Brief*, ECF No. 21; *see also* 20 C.F.R. §§ 416.1488, .1489. In any event, however, this Court would lack jurisdiction to review an alleged abuse of Agency discretion in refusing to reopen a SSI claim. *See Califano*, 430 U.S. at 107–08; *Wilson v. Colvin*, 218 F. Supp. 3d 439, 453 (E.D. Pa. 2016) ("Assuming that the ALJ abused his discretion when refusing to reopen Plaintiff's 2005 and 2009 SSI applications, as Plaintiff posits, this Court lacks jurisdiction to review said refusal. . . . A federal district court lacks subject matter jurisdiction

14

under Section 205(g) to review alleged abuses of agency discretion in refusing to reopen claims

for social security benefits.") (citations omitted); *Hodges v. Colvin*, No. 3:12-CV-494 HTW-

LRA, 2014 WL 791548, at *6 (S.D. Miss. Feb. 25, 2014) ("[I]t is well-settled that absent a

colorable constitutional claim, this Court has no jurisdiction to review alleged abuses of agency

discretion in refusing to reopen a prior claim.").

In short, where Plaintiff failed to timely appeal or successfully ask to reopen and revise

the initial adverse SSI decision, Plaintiff has not obtained a "final decision" on his SSI

application, without which this Court lacks jurisdiction to review the Agency's denial of

Plaintiff's SSI claim. *See Smith*, 139 S. Ct. at 1772; *Brown v. Comm'r of Soc. Sec.*, No. CV 17-

1123, 2017 WL 5618623, at *1–2 (D.N.J. Nov. 20, 2017) ("Here, although Plaintiff completed

steps 1 and 2, he has not had a hearing before an ALJ as required, because ALJ Olsarch

dismissed Plaintiff's request for a hearing as untimely. Therefore, Plaintiff has failed to exhaust

his administrative remedies, and this Court lacks subject matter jurisdiction to hear his claim.");

*Johnson v. Comm'r of Soc. Sec.*, No. CIV.A. 14-3459, 2015 WL 1608031, at *1–2 (D.N.J. Apr.

8, 2015) ("It is clear that Plaintiff in this case never received a final hearing with respect to his

SSI application. Accordingly, Plaintiff has not received a final decision of the Commissioner of

Social Security, rendered after a hearing. Under these circumstances, the Court cannot exercise

its jurisdiction to review this social security matter.").

## B.      Plaintiff's DIB Application

As to his DIB application, Plaintiff contends that substantial evidence does not support

the ALJ's RFC determination because the ALJ failed to account for all Plaintiff's impairments

and failed to consider all the medical evidence in the record. *Plaintiff's Memorandum of Law*,

ECF No. 19, pp. 11–13. This Court disagrees.

A claimant's RFC is the most that a claimant can do despite his limitations. 20 C.F.R. §

404.1545(a)(1). At the administrative hearing stage, the administrative law judge is charged with

determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c); *see also Chandler*

*v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining

physicians or State agency consultants—must make the ultimate disability and RFC

determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to

consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999). However, the

ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546,

554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the

ALJ has discretion to choose whether to include "a limitation [that] is supported by medical

evidence, but is opposed by other evidence in the record," but "[t]his discretion is not

unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and

stating that "the ALJ also has the discretion to include a limitation that is not supported by any

medical evidence if the ALJ finds the impairment otherwise credible").

Here, the ALJ determined that Plaintiff had the RFC to perform medium exertional work

except that Plaintiff could only frequently climb, balance, stoop, kneel, crouch, and crawl. R.

22–25. In reaching this decision, the ALJ noted that "[o]nly a few of the medical exhibits in the

record contain documents from on or before December 31, 2013[,]" *i.e.*, the date on which

Plaintiff was last insured for DIB. R. 23. After describing the limited evidence in the record from

this relevant time period, the ALJ stated as follows:

> The aforementioned exhibits establish that the claimant had degenerative disc
> disease during the relevant period of time, namely from January 1, 2010 through
> December 31, 2013. The claimant's degenerative disc disease, even after surgery,
> could reasonably be expected to cause the claimant pain and make it difficult for
> him to carry around his tools, notably, there is no medical or other evidence in the

record that establish[es] that the claimant was advised by a medical professional
during the relevant period, to use a cane to ambulate.

*Id*. The ALJ also described additional medical evidence dated after the date on which Plaintiff

was last insured, including medical opinion evidence, but noted that such evidence was

unpersuasive because it was not relevant to the time period at issue, namely, January 1, 2010,

through December 31, 2013. R. 24. The ALJ went on to conclude as follows:

> In sum, the above residual functional capacity assessment is supported by the fact
> that the claimant was working as a subcontractor building decks, installing
> windows, doing kitchens and doing some roofing work during the relevant time
> period. However, he hired an employee to move his tools around for him because
> it was difficult for him to do the same. He had degenerative disc disease and, while
> he had surgery to improve his condition, it is reasonable that it still caused him pain
> and made it harder for him to move items around.

R. 24–25. In the view of this Court, this record contains substantial evidence to support the

ALJ's RFC determination. *See Zirnsak*, 777 F.3d at 615; *Rutherford*, 399 F.3d at 554; *Plummer*,

186 F.3d at 429.

Plaintiff, however, contends that the ALJ erroneously failed to consider medical evidence

dated after 2013, which, if considered, would have resulted in a RFC for light exertional work.

*Plaintiff's Memorandum of Law*, ECF No. 19, pp. 11–13. According to Plaintiff, a restriction to

light work would have, given Plaintiff's age, resulted in a finding of disabled. *Id*. at 13.

Plaintiff's arguments are not well taken. As the Acting Commissioner points out, *Defendant's*

*Brief Pursuant to Local Civil Rule 9.1*, ECF No. 20, pp. 10–11, Plaintiff has the burden of

showing disability prior to the date on which he was last insured. *Lane v. Comm'r of Soc. Sec.*,

100 F. App'x 90, 92 n.3 (3d Cir. 2004) ("[The plaintiff] bears the burden of showing that she

became disabled prior to March 31, 2000, the date on which her insured status expired, in order

to be entitled to DIB.") (citing 20 C.F.R. § 404.131(a); *Matullo v. Bowen*, 926 F.2d 240, 244 (3d

Cir. 1990)). Although "[p]ost-DLI evidence may be relevant to the claimant's condition before

that date[,]" *Rodriguez v. Berryhill*, No. CV 17-6884, 2019 WL 1013343, at *9 (D.N.J. Mar. 1,

2019), "[e]vidence of an impairment which reached disabling severity after the date last insured,

or which was exacerbated after this date, cannot be the basis for the determination of entitlement

to a period of disability and disability insurance benefits." *Manzo v. Sullivan*, 784 F. Supp. 1152,

1156 (D.N.J. 1991) (citing, *inter alia*, *De Nafo v. Finch*, 436 F.2d 737, 739 (3d Cir. 1971)); *see

also Porter v. Comm'r of Soc. Sec.*, No. CV 18-03744, 2019 WL 2590994, at *4 (D.N.J. June 25,

2019) ("The ALJ gave Dr. Patharkar's opinion little weight because it 'was rendered more than a

year after [Plaintiff's] date last insured and [it] does not indicate that it relates back' to the

disability evaluation period. (R. at 916.) Indeed, Plaintiff must establish disability as of her date

last insured.") (citations omitted); *Gurcak v. Astrue*, No. 12-CV-4556, 2013 WL 6816175, at *6

(D.N.J. Dec. 20, 2013) ("An impairment that is not disabling until after the expiration of

claimant's insured status cannot establish a claimant's entitlement to benefits.") (citations

omitted); *Alston v. Astrue*, No. CIV.A. 10-839, 2011 WL 4737605, at *3 (W.D. Pa. Oct. 5, 2011)

("[M]edical evidence generated after the date last insured is only relevant to the extent it is

reasonably proximate in time or relates back to the period at issue."). Here, Plaintiff has not

established that the relevant evidence dated prior to December 31, 2013, required new or

different limitations than those found by the ALJ in the current RFC, nor has Plaintiff shown that

any evidence subsequent to the date on which he was last insured related back to the relevant

time period, thus requiring consideration by the ALJ or otherwise establishing that the RFC is

not supported by substantial evidence. *See generally Plaintiff's Memorandum of Law*, ECF No.

19.

In short, for all these reasons, the Court concludes that the ALJ's findings regarding Plaintiff's RFC, including rejecting evidence generated after the date on which Plaintiff was last insured, are consistent with the record evidence and enjoy substantial support in the record.

## IV.    CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 8, 2021                              *s/Norah McCann King*
                                                    NORAH McCANN KING
                                                    UNITED STATES MAGISTRATE JUDGE